# EXHIBIT A



**CORPORATION SERVICE COMPANY**

null / ALL
**Transmittal Number: 12054702**
**Date Processed: 01/14/2014**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Steve Ross<br>Lexon Surety Group<br>12890 Lebanon Road<br>Mt. Juliet, TN 37122 |
| **Copy of transmittal only provided to:** | Cindy Raftery<br>Andrew Smith<br>Vicki Batson |

| | |
|---|---|
| **Entity:** | Lexon Insurance Company<br>Entity ID Number  3065791 |
| **Entity Served:** | Lexon Insurance Company |
| **Title of Action:** | Camden County, Georgia vs. Lexon Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Camden County Superior Court, Georgia |
| **Case/Reference No:** | 14V11 SSN |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 01/14/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | G. Todd Carter<br>912-264-8544 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

CAMDEN COUNTY, GEORGIA,          *
                                *
       Plaintiff,               *
                                *      Case No.  14 V 11  SSN
       v.                       *
                                *
LEXON INSURANCE COMPANY         *
                                *
       Defendant.               *

## S U M M O N S

TO THE ABOVE-NAMED DEFENDANT:

Lexon Insurance Company, a foreign corporation, that may be served through its

registered agent: Corporations Service Company, 40 Technology Parkway, Southsuite 300,

Norcross, Georgia 30092.

YOU ARE HEREBY SUMMONED AND REQUIRED to file with the Clerk of the

Court, and serve upon Garret W. Meader, Brown, Readdick, Bumgartner, Carter,

Strickland & Watkins, whose address is 5 Glynn Avenue, P. O. Box 220, Brunswick, GA

31521, appropriate pleadings to the Complaint which is herewith served upon you, within

thirty (30) days after service of this Summons, exclusive of the day of the service.

If you fail to do so, judgment by default will be taken against you for the relief

demanded in the Complaint.

This the 3 day of January, 2014.

_____
CLERK, SUPERIOR COURT
CAMDEN COUNTY, GEORGIA

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CAMDEN COUNTY, GEORGIA, | * | **SECOND ORIGINAL** |
| | * | |
| Plaintiff, | * | |
| | * | Case No.  14 V11 55N |
| v. | * | |
| | * | |
| LEXON INSURANCE COMPANY | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

COMES NOW, Camden County, Georgia, by and through its counsel, and files this
its complaint against Lexon Insurance Company ("Lexon"), as follows:

Parties and Jurisdiction

1.    The plaintiff, Camden County, Georgia, is a body corporate and politic

authorized by and organized pursuant to Article IX, Section I, *et seq.*, of the State

of Georgia Constitution.

2.    Defendant Lexon is an insurance company organized and existing under the

laws of Texas, with its principal office located in Louisville, Kentucky and at all

times material hereto was (and is) duly authorized to transact business as a

surety in Georgia.  The defendant may be served by serving its registered agent,

Corporations Service Company, 40 Technology Parkway, Southsuite 300,

Norcross, Georgia 30092.

3.    At all times relevant, the defendant regularly conducted business in the State of

Georgia.

STATE OF GEORGIA
CAMDEN SUPERIOR COURT                Page 1 of 9

Filed  1/3/2014  at 3:44 P.M

Deputy Clerk

4.   The events giving rise to the causes of action set forth below occurred in Camden County, Georgia.

5.   For the forgoing reasons, the Court has jurisdiction over the parties, and venue is proper in this Court..

<u>Statement of Facts</u>

6.   The plaintiff hereby incorporates by reference all preceding paragraphs.

7.   On August 10, 2005, Bridge Pointe at Jekyll Sound, LLC ("BPJS") was incorporated in Georgia.

8.   Shortly thereafter, efforts were initiated by BPJS to develop the Bridge Pointe at Jekyll Sound subdivision (hereinafter sometimes referred to as "the Development"), a residential development consisting of several hundred interior and marsh-front lots located in northeastern Camden County.

9.   As called for by the Camden County development ordinances, on March 10, 2006, BPJS obtained eight subdivision bonds for Phase I of the Development from Lexon Insurance Company, totaling approximately $16,412,467.50.

10.  The purpose of these subdivision bonds was to ensure that the developer properly installed streets, sewers, electrical and telephone conduit, and other infrastructure prior to the acceptance of some, or all, of this infrastructure by the plaintiff.

11.    In October of 2008, and prior to the construction of infrastructure improvements
       in the Development, BPJS filed for Chapter 11 bankruptcy protection in the
       Middle District of Florida.

12.    Several hundred unsold lots which were still owned by BPJS became part of the
       bankruptcy estate.

13.    Aware that it had $16,412,467.50 in exposure arising from BPJS's failure to install
       infrastructure in the Development, the defendant devised a scheme in order to
       reduce its exposure and avoid payment of the subdivision bonds.

14.    Upon information and belief, in January and February of 2009, the defendant,
       and/or its agents, improperly, and without the knowledge of the plaintiff, took
       the bond monies and used those funds to purchase BPJS's unsold lots from the
       bankruptcy estate.

15.    The stated purpose of this purchase was to reduce the defendant's exposure on
       the bonds in the Development.

16.    Throughout 2009, the defendant continued to make payments under the
       subdivision bonds to persons or entities other than the obligee. These payments
       were made without the knowledge and consent of the obligee.

17.    Upon information and belief, at some point in 2009, the defendant devised a plan
       with others with the intent of causing the plaintiff to assign its interest in the
       subdivision bonds to these individuals. These individuals were affiliated with
       BPJS Investments, LLC. (For ease of reference, BPSJ Investments, LLC and the

individuals, in their individual capacities, are hereinafter collectively referred to as "BPJSI").

18.    The purpose of the defendant's scheme with BPJSI was part of its greater plan to reduce its exposure on the bonds in the Development.

19.    Neither the defendant or BPJSI disclosed to the plaintiff the nature of their relationship.

20.    In late 2009, BPJSI initiated negotiations with Camden County representatives concerning the assignment of the Lexon bonds to BPJSI. BPJSI offered an arrangement under which BPJSI would construct infrastructure improvements in the Development if the plaintiff would assign its rights under the Lexon bonds to BPJSI.

21.    BPJSI represented to the plaintiff that if the aforementioned Lexon bonds were assigned to BPJSI, the bond proceeds would be used towards making infrastructure improvements in the Development.

22.    On January 5, 2010, the plaintiff passed a resolution that authorized the release of the Lexon bonds to BPJSI once letters of credit, which were to serve as security, were provided by BPJSI.

23.    However, on February 2, 2010, BPJSI provided notice to Camden County that letters of credit could not be obtained by BPJSI.

24.    In lieu of providing letters of credit, BPJSI proposed that property owned by BPJSI in the Development be used as collateral. Upon information and belief, the

Page 4 of 9

property that was proposed to be used as collateral is the same property that the

defendant, or its agents, acquired at the aforementioned bankruptcy proceedings

with the bond monies.

25.    Upon information and belief, at the time BPJSI made this offer, it held no legal

interest in this property.

26.    Upon information and belief, the offer by BPJSI was made with the consent and

knowledge of the defendant.

27.    The defendant did not disclose its arrangement with BPJSI to the plaintiff, as

required by law.

28.    The plaintiff accepted BPJSI's proposal and the aforementioned property that

was used as collateral is identified in a Deed to Secure Debt and Security

Agreement that was executed on February 19, 2010 between BPJSI and the

plaintiff. This Deed to Secure Debt and Security Agreement gave BPJSI three

years in which to perform its obligations.

29.    At some point shortly after February 19, 2010, BPJSI received a cash settlement

from Lexon for the bonds in an amount believed to exceed several million

dollars.

30.    Upon information and belief, the lots purchased by the defendant, or its agents,

were part of the settlement with BPJSI.

31.  Had the plaintiff been aware of the defendant's scheme to reduce its exposure, and the defendant's relationship with BPJSI, it would not have assigned its interest in the bonds to BPJSI.

32.  Although BPJSI received some of the bond proceeds, BPJSI has not expended those proceeds towards making any infrastructure improvements.

## Count I - Actual and Constructive Fraud

33.  The plaintiff hereby incorporates by reference all preceding paragraphs.

34.  The defendant devised a scheme to reduce its exposure of $16,412,467.50 in subdivision bonds.

35.  The defendant had a duty to disclose its scheme to the plaintiff, but did not do so.

36.  Had the defendant disclosed its scheme to the plaintiff, the plaintiff would not have assigned its interests in the bonds to BPJSI.

37.  The suppression of this scheme caused the plaintiff to sustain damages because it no longer can redeem the subdivision bonds and ensure that improvements will be made in the development.

38.  The plaintiff has sustained damages in excess of $16,412,467.50.

39.  The plaintiff is entitled to recover these damages from the defendant.

## Count II - Unjust Enrichment

40.  The plaintiff hereby incorporates by reference all preceding paragraphs.

41.    By assigning the Lexon bonds to BPJSI, the plaintiff conferred a benefit upon the defendants by reducing the defendant's exposure in the Development.

42.    The defendants have retained the benefit conferred upon them by the plaintiff.

43.    Equity requires the defendants to compensate the plaintiff for the benefit conferred upon them.

### Count III - Suppression of the Truth in Violation of O.C.G.A. § 23-2-53

44.    The plaintiff hereby incorporates by reference all preceding paragraphs.

45.    The defendant did not disclose its plan for reducing its exposure to the plaintiff.

46.    O.C.G.A. § 23-2-53 imposed an obligation to disclose these material facts surrounding the defendant's arrangement with BPJSI.

47.    As a result of the defendant's failure to disclose these material facts, the plaintiff sustained damages and it is entitled to recover these damages from the defendant.

### Count IV - Breach of Contract

48.    The plaintiff hereby incorporates by reference all preceding paragraphs.

49.    The defendant began making payments under the subdivision bonds approximately eleven months prior the time the plaintiff's interests in the bonds were assigned.

50.    At the time those payments were made, the defendant was not authorized to make those payments under the terms of its surety agreement. As a result, the unauthorized payments breached its agreement with the plaintiff.

51.    This breach caused the plaintiff to sustain damages in an amount to be

       determined by a jury.


### Count V - Attorney's Fees

52.     The plaintiff hereby incorporates by reference all preceding paragraphs.

53.    The defendant has acted in bad faith, been stubbornly litigious, and has caused

       the plaintiff unnecessary trouble and expense.

54.    The plaintiff is entitled to the payment of all of its attorney's fees and costs of

       litigation pursuant to O.C.G.A. §§ 13-6-11 and 9-15-14.

       WHEREFORE, having filed this complaint, the plaintiff prays, as follows:

       (a)    that the Court impanel a jury to resolve the issues set forth herein;

       (b)    that the Court award actual, compensatory, and general damages as

              appropriate;

       (f)    that the Court award the plaintiff interest on any judgment entered, as

              provided by law;

       (g)    that the Court award the plaintiff its reasonable attorney's fees and

              expenses of litigation;

       (h)    that the Court award punitive damages; and

       (i)    that the Court award such other legal or equitable relief as it may deem

              reasonable and proper.

       RESPECTFULLY SUBMITTED this 2ʳᵈ day of January, 2014.

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND, & WATKINS, LLP


_____
G. Todd Carter
Georgia Bar No. 113601

_____
Garret W. Meader
Georgia Bar No. 142402
Attorneys for the plaintiff

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

CAMDEN COUNTY, GEORGIA,     *
                                *

      Plaintiff,            *
                                *    Case No.  14 V11 SSN

      v.                 *
                                *

LEXON INSURANCE COMPANY    *
                                *

      Defendant.          *

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
## TO DEFENDANT LEXON INSURANCE COMPANY

COMES NOW Camden County, Georgia, the plaintiff in the above–styled case, and requests that defendant Lexon Insurance Company, answer within forty-five (45) days, under oath, in accordance with O.C.G.A. §9-11-26 and §9-11-33 the following interrogatories:

NOTE A:    When used in these interrogatories, the term "defendant(s)", or any synonym thereof, is intended to and shall embrace and include, in addition to defendant(s), counsel for defebdant(s) and all agents, servants, employees, representatives, private investigators, insurance adjusters and others who are in possession of or may have obtained information for or on behalf of the defendant(s).

NOTE B:    Throughout these interrogatories, wherever defendant(s) is requested to identify a communication of any type and such communication was oral, the following information should be furnished:

1.    By whom it was made, and to whom.

2.    The date upon which it was made.

3.    Who else was present when it was made.

4.    Was it recorded or described in any writing of any type? If so, identify each

such writing in the manner indicated in NOTE C below.

NOTE C:    Whenever defendant is requested to identify a communication, memorandum, or record of any type, and such communication was written, the following information should be furnished:

1.    Its nature; for example, whether it is a letter, memorandum, etc.

2.    By whom it was made and to whom addressed, and if copies were sent to

any person, to whom such copies were sent.

NOTE D:    These interrogatories shall be deemed continuing, and supplemental answers shall be required if defendant(s), directly or indirectly, obtains further information of the nature sought herein between the time answers are served and the time of trial.

## INTERROGATORIES

1.    With regard to the organization of Lexon Insurance Company, state the following:

(a)    The date and place of organization;

(b)    The names and addresses of all organizers;

(c)    The names and addresses of all directors or officers at the time of organization;

(d)    The names and addresses of all members at the time of organization, and the number of shares or percentage of membership interest held by each; and

(e)    The names of any predecessor or controlling companies or entities.

2.      Identify each person who is or ever has been a manager, officer or director of Lexon Insurance Company, and state for each the particular position held and the period of time during which each person held each such position.

3.      Identify each person who is or ever has been a member of or had an ownership interest in Lexon Insurance Company, and state the number of shares or percentage of membership interest held for each and the period of time during which each person held such ownership interest.

4.      Identify all persons known to you to have knowledge concerning the facts alleged in the Complaint or Answer, including in your response a brief description of the subject matter(s) about which each person is knowledgeable.

5.      Please state whether company records, as defined by O.C.G.A. § 14-11-313 and, upon information and belief, the Operating Agreement of Lexon Insurance Company, were prepared and maintained by Lexon Insurance Company, and if so identify each and every company record prepared and maintained.

6.      Please identify any and all communications between you and any third person or non-party (excluding your legal counsel) concerning the events set forth in the Complaint and defenses set forth in the Answer, identify all persons with knowledge of such communications, and identify all documents which evidence or concern such communications.

7.      Please identify all communications between Lexon Insurance Company, or any other person and/or entity, and the plaintiff, BPJS Investments, LLC, Robert Steven Williams, Sr., George "Boog" Potter, Mike Martinez, and Robert Steven Williams, Jr.,

regarding any of the allegations in the plaintiff's complaint; identify all persons with knowledge of such communications, and identify all documents which evidence or concern such communications.

8.    Please identify all communications between Lexon Insurance Company, or any other person and/or entity, and BPJS Investments, LLC, Robert Steven Williams, Sr., George "Boog" Potter, Mike Martinez, and Robert Steven Williams, Jr., concerning the assignment of the bonds referenced in the plaintiff's Complaint.

9.    Please identify all communications between Lexon Insurance Company, or any other person and/or entity, and BPJS Investments, LLC, Robert Steven Williams, Sr., George "Boog" Potter, Mike Martinez, and Robert Steven Williams, Jr., concerning the monies, or property, received by BPJS Investments, LLC from Lexon Insurance Company.

10.    Please describe the terms of any settlement involving BPJS Investments, LLC and Lexon Insurance Company, regarding the bonds referenced in the plaintiff's complaint which were assigned to BPJS Investments, LLC.

11.    Please provide a detailed accounting of when any bond monies, that are the subject of the complaint, were paid.  For each such payment, specify the date of the payment, the purpose of the payment, the amount of the payment, the identify of the person or entity that requested the payment, and the identity of the individual who authorized the payment.

12.    Please identify the entity and/or individuals that acquired interest(s) in the properties from the bankruptcy proceedings discussed in the plaintiff's Complaint.

13.    Please provide the factual basis that supports all of the factual denials in the

Answer of the defendant.

14.    Please identify all individuals who assisted Lexon Insurance Company in responding to these interrogatories.

15.    Please identify all persons whom Lexon Insurance Company expects to call as expert witnesses upon any hearing or the trial of this matter. With respect to each such person identified, please also provide the following information:

a)    His or her name, address and telephone number;

b)    The specific subject matter upon which each expert is expected to testify;

c)    The substance of the facts, opinions, and conclusions to which such person is expected to testify;

d)    A summary of the factual grounds for each such opinion or conclusion; and

e)    Whether any such person has prepared or provided to you a written or recorded statement or report concerning his or her investigation and, if so, the name and address of all persons who have a copy of each such report or statement.

16.    Please identify each document provided to any expert witness identified in the preceding Interrogatory and each document otherwise used by, relied upon, known or available to, or created in whole or in part by such person in connection with that person's role in this case and which forms a part of the basis of any opinion to which such person is expected to testify.

17.    Please identify any policy of insurance which may provide coverage for the claims asserted by the plaintiff in its Complaint. For each such policy, identify the insurer, the limits of coverage, and the policy number.

This the 3rd day of January, 2014.

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP

BY:_____

Garret W. Meader
Georgia Bar No: 142402
Attorney for Camden County, Georgia

P. O. Box 220
Brunswick, GA 31521-0220
(912) 264-8544

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

CAMDEN COUNTY, GEORGIA,          *
                                 *
        Plaintiff,               *
                                 *        Case No.  14 V11 SSN
        v.                       *
                                 *
LEXON INSURANCE COMPANY          *
                                 *
        Defendant.               *

### PLAINTIFF'S FIRST CONTINUING REQUEST TO PRODUCE DOCUMENTS TO DEFENDANT LEXON INSURANCE COMPANY

COMES NOW, Camden County, Georgia, the plaintiff in the above-styled case and pursuant to O.C.G.A. §9-11-26 and §9-11-33 hereby requests that defendant Lexon Insurance Company, produce for the purposes of inspection and copying, at the offices of BROWN, READDICK, BUMGARTNER, CARTER, STRICKLAND & WATKINS, LLP, 5 Glynn Avenue, P.O. Box 220, Brunswick, Georgia, at 10:00 a.m. on the 45th day following service of this Request, the following documents:

#### Definitions

As used herein, the word "document" or "documents" includes, without limitation, any original, and all copies of any writings, memoranda, tape or other sound recordings, contracts, agreements, invoices, checks, statements, emails, receipts, letters, notes, telephone logs, diaries, calendar entries, telegrams, telexes or other forms of communication or correspondence, books, catalogs, pamphlets, periodicals, lists, brochures, reports, minutes, books or records of account, schedules, tax returns, computer print-outs, tapes or memories, photostats, microfilm, or other written

information, in whatever form, which is in the custody or possession or under the control of the defendant.

## REQUESTS FOR PRODUCTION

1.      Please produce any and all documents identified in, requested to be identified or related to your responses to plaintiff Camden County's first interrogatories.

2.      All documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of the defendant's responses to the plaintiff' first interrogatories.

3.      Please produce all documents which evidence or concern any communications, conversations and correspondence you have had with the plaintiff, including any of its representatives, agents, attorneys, and employees related to the matters set-forth in the Complaint or your Answer.

4.      All documents which defendant Lexon Insurance Company contends contain relevant information in support of any defense asserted by this defendant in this lawsuit.

5.      Any and all documents other than those requested above that reflect, refer or relate to any of the facts that form the subject matter of this litigation.

6.      All company records of defendant Lexon Insurance Company, including but not limited to its articles of organization, operating agreement, resolutions and minutes book.

7.      All documents that evidence, refer or relate to the payment of any bond

funds that are the subject of the Complaint to any person or entity.

8.      All documents that evidence, refer or relate to the payment of any funds by Lexon Insurance Company to defendant BPJS Investments, LLC.

9.      Please produce any and all documents that evidence, refer or relate to the affirmative defenses or factual denials contained in defendant BPJS Investment, LLC's Answer.

10      Please produce all documents evidencing, regarding, referring, or relating to any contracts, agreements, modifications, arrangements and/or understandings between BPJS Investments, LLC and Lexon Insurance Company.

11.     Please produce all documents that refer, relate to, or concern any communications between Lexon Insurance Company and any non-parties (except your legal counsel) concerning the allegations contained in the Complaint, the affirmative defenses and factual denials in the Answer of Lexon Insurance Company.

12.     Please produce all documents that you contend disprove or undermine any fact or allegation set forth in the plaintiff's Complaint.

13.     Please produce all documents evidencing, regarding, referring, or relating to any contracts, agreements, modifications, arrangements and/or understandings between Lexon Insurance Company and MIROBO, a Tennessee corporation.

14.     Please produce all documents evidencing, regarding, referring, or relating to any contracts, agreements, modifications, arrangements and/or understandings between Lexon Insurance Company and Emerson Properties, LLC.

15.     Please produce all documents evidencing, regarding, referring, or relating

to any contracts, agreements, modifications, arrangements and/or understandings

between Lexon Insurance Company and Camden County Development Company.

This the 3rd day of January, 2014.

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP

BY:_____

Garret W. Meader
Georgia Bar No: 142402
Attorney for Camden County, Georgia

P. O. Box 220
Brunswick, GA 31521-0220
(912) 264-8544

49268

| SHERIFF'S ENTRY OF SERVICE | SC-85-2 |

Civil Action No. _____14V11 SSN_____

Date Filed _____1/3/2014_____

Superior Court ☒   Magistrate Court ☐
State Court ☐   Probate Court ☐
Juvenile Court ☐
Georgia, _____Camden_____ COUNTY

Attorney's Address

Garret W. Meader, Esq.
Brown, Readdick, Bumgartner,
Carter, Strickland & Watkins, LLP
P. O. Box 220
Brunswick, GA   31521-0220

Name and Address of Party to be Served

Lexon Insurance Company

Registered Agent:   Corporations Service Company
40 Technology Parkway, Southsuite 300
Norcross, GA   30092

Camden County, Georgia

Plaintiff

VS.

Lexon Insurance Company

Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____, described as follows
age, about_____years; weight, about_____pounds; height, about_____feet and_____inches, domiciled at the residence of
defendant.

**CORPORATION** ☐ Served the defendant ____Lexon Insurance Co.____ a corporation
by leaving a copy of the within action and summons with ____Alisha Smith RN____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in
an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing
notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This____14/ day of____Jan____, 2014

_____
DEPUTY

SHERIFF DOCKET_____ PAGE_____

WHITE-CLERK  CANARY-PLAINTIFF  PINK-DEFENDANT